IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONYA M. MILLS, | ) | CASE NO. 1:16 CV 1190 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1]  is an action for judicial review of the final decision of the

Commissioner of Social Security denying the applications of the plaintiff, Tonya M. Mills,

for supplemental security income and disability insurance benefits.[2]  The Commissioner has

answered[3] and filed the transcript of the administrative record.[4]  Under my initial[5] and

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated September 21, 2016.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 6.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]   After review of  the briefs, the issues presented, and the record, it was determined that this case can be decided without oral argument.

## Facts

### A.    Background facts and decision of the Administrative Law Judge ("ALJ")

Mills who was 43 years old at the time of the administrative hearing,[10] graduated high school and has taken some college courses.[11]  She is single and lives with her two children, one is under the age of eighteen.[12]  Her past employment history includes work as a valet and a parking attendant.[13]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Mills had severe impairments consisting of chondromalacia of the patella, patellar tendonitis status post knee injury, obesity, left wrist de Quervain's, and

---

[6] ECF # 11.

[7] ECF # 20 (Commissioner's brief); ECF # 17-1 (Mills's brief).

[8] ECF # 20-1 (Commissioner's charts); ECF # 17-2 (Mills's charts).

[9] ECF # 17 (Mills's fact sheet).

[10] ECF # 10, Transcript ("Tr.") at 123.

[11] *Id*. at 124.

[12] *Id*. at 123.

[13] *Id*. at 103.

complex regional pain syndrome.[14] The ALJ made the following finding regarding Mills's

residual functional capacity:

> The claimant has the residual functional capacity to perform less than a full
> range of light work as defined in 20 CFR 416.967(b). Specifically, she can
> lift/carry 20 pounds occasionally and 10 pounds frequently. She can stand and
> walk for 6 hours of an 8-workday with a sit/stand option every hour for 5
> minutes without leaving the workstation. She can occasionally use hand
> controls with the non-dominant hand, but can use the dominant hand for
> controls. She can frequently climb stairs/ramps but never climb ladders, ropes,
> or scaffolds. She can frequently bend, balance, and stoop. She cannot kneel
> or crawl. She can reach in all directions. She can handle, finger, and feel with
> the dominant hand but only occasionally with the non-dominant hand. She
> must avoid hazards.[15]

Given that residual functional capacity, the ALJ found Mills capable of his past relevant

work as a valet/parking lot attendant[16] and, therefore, not under a disability.[17]

## B.    Issue on judicial review

Mills asks for reversal of the Commissioner's decision on the ground that it does not

have the support of substantial evidence in the administrative record. Specifically, Mills

presents the following issue for judicial review:

- •       Whether the ALJ erred in her pain and credibility analysis.[18]

---

[14] Id. at 93.

[15] *Id.* at 97.

[16] *Id*. at 103.

[17] *Id.* at 104.

[18] ECF # 17-1 at 1.

## Analysis

**A.    Standards of review**

*1.    Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to

decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds

could reach different conclusions on the evidence. If such is the case, the Commissioner

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's

findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential

standard.

### 2.     *Pain as a cause of disability and credibility*

When a claimant presents pain as the cause of disability, the decision of the Sixth

Circuit in *Duncan v. Secretary of Health and Human Services*[22] provides the proper

analytical framework. The Court in *Duncan* established the following test:

> [t]here must be evidence of an underlying medical condition and (1) there must
> be objective medical evidence to confirm the severity of the alleged pain
> arising from that condition or (2) the objectively determined medical condition
> must be of a severity which can reasonably be expected to give rise to the
> alleged pain.[23]

Under the first prong of this test, the claimant must prove by objective medical evidence the

existence of a medical condition as the cause for the pain. Once the claimant has identified

that condition, then under the second prong he or she must satisfy one of two alternative tests

– either that objective medical evidence confirms the severity of the alleged pain or that the

---

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847 (6th Cir. 1986).

[23] *Duncan*, 801 F.2d at 853.

medical condition is of such severity that the alleged pain can be reasonably expected to occur.[24]

Objective medical evidence of pain includes evidence of reduced joint motion, muscle spasm, sensory deficit, or motor disruption.[25] The determination of whether the condition is so severe that the alleged pain is reasonably expected to occur hinges on the assessment of the condition by medical professionals.[26] Both alternative tests focus on the claimant's "alleged pain."[27] Although the cases are not always clear on this point, the standard requires the ALJ to assume arguendo pain of the severity alleged by the claimant and then determine if objective medical evidence confirms that severity or if the medical condition is so bad that such severity can reasonably be expected.

A claimant's failure to meet the *Duncan* standard does not necessarily end the inquiry, however. As the Social Security Administration has recognized in a policy interpretation ruling on assessing claimant credibility,[28] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the severity of his or her symptoms will be considered with other relevant evidence in deciding disability:

---

[24] *Felisky v. Bowen*, 35 F.3d 1027, 1039 (6th Cir. 1994).

[25] *Id.* at 1037 (quoting 20 C.F.R. 404.1529(c)(2)).

[26] *Walters v. Comm'r of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997).

[27] *Duncan*, 801 F.2d at 853.

[28] Social Security Ruling (SSR) 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed. Reg. 34483 (July 2, 1996).

Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.[29]

The regulations also make the same point.

We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements.[30]

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[31]

As a practical matter, in the assessment of credibility, the weight of the objective medical evidence remains an important consideration. The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[32] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability"

[29] *Id.* at 34484.

[30] 20 C.F.R. § 416.929(c)(2).

[31] *Swain*, 297 F. Supp. 2d at 988-89.

[32] 20 C.F.R. § 404.1529(c)(3).

-7-

arises that must be overcome by such other evidence as the claimant might offer to support his claim.

The regulations set forth factors that the ALJ should consider in assessing credibility. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[33]

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence. When a claimant presents credible evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe the claimant and assess his subjective complaints.[34] A court may not disturb the ALJ's credibility determination absent compelling reason.[35]

---

[33] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

[34] *Buxton*, 246 F.3d at 773.

[35] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

If the ALJ rejects the claimant's complaints as incredible, he must clearly state his reasons for doing so.[36] Unlike the requirement that the ALJ state good cause for discounting the opinion of a treating source, the regulation on evaluating a claimant's subjective complaints contains no express articulation requirement. The obligation that the ALJ state reasons for rejecting a claimant's complaints as less than credible appears to have its origin in case law.[37] The Social Security Administration has recognized the need for articulation of reasons for discounting a claimant's credibility in a policy interpretation ruling.

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.[38]

The strong statement from the administrative ruling quoted above constitutes a clear directive to pay as much attention to giving reasons for discounting claimant credibility as must be given to reasons for not fully accepting the opinions of treating sources. An ALJ in a unified statement should express whether he or she accepts the claimant's allegations as

---

[36] *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994).

[37] *Felisky*, 35 F.3d at 1036; *Auer v. Sec. of Health & Human Servs.*, 830 F.2d 594, 595 (6th Cir. 1987).

[38] SSR 96-7p, 61 Fed. Reg. at 34484.

credible and, if not, explain the finding in terms of the factors set forth in the regulation.[39] The ALJ need not analyze all seven factors identified in the regulation but should provide enough assessment to assure a reviewing court that he or she considered all relevant evidence.[40] The articulation should not be conclusory;[41] it should be specific enough to permit the court to trace the path of the ALJ's reasoning.[42]

## B.    Application of standards

This case essentially raises the single issue of whether the ALJ properly analyzed Mills's complaints of disabling pain from her complex regional pain syndrome [CRPS].[43] While the ALJ acknowledged that Mills's CRPS was a severe impairment,[44] she concluded, largely based on clinical findings and Mills's activities of daily living, that Mills was not fully credible as to her complaints of disabling pain arising from her CRPS.[45] For the reasons

---

[39] 20 C.F.R. § 404.1529(c)(3).

[40] *Blom v. Barnhart*, 363 F. Supp. 2d 1041, 1054 (E.D. Wisc. 2005).

[41] SSR 96-7p, 61 Fed. Reg. at 34384.

[42] *Blom*, 363 F. Supp. 2d at 1054.

[43] Social Security Regulation 03-02p, which addresses the evaluation of cases of Complex Regional Pain Syndrome, notes that this terminology is the frequently used equivalent of Reflex Sympathetic Dystrophy Syndrome. According to SSR 03-02p these terms are synonymous. To ensure conformity with the record in this matter, I have used CRPS throughout to refer to Mills's condition.

[44] Tr. at 93.

[45] *Id*. at 101.

that follow, I will recommend that the decision of the Commissioner to deny benefits be reversed and the matter remanded for further proceedings.

First, as defined by the Social Security Administration itself in SSR 03-02p, CRPS is a "chronic pain syndrome most often resulting from trauma to a single extremity." As further explained in SSR 03-02p, the principal "characteristic of this syndrome [is] that the degree of pain reported is out of proportion to the severity of the injury sustained by the individual." Therefore, as one reviewing federal court has stated, "the lack of supporting diagnostic and clinical findings is to be expected [in cases of CRPS] and [the lack of such findings] may not provide a sound basis for rejecting a claimant's complaints of severe pain."[46]

Moreover, as further stated in SSR 03-02p, the signs and symptoms of CRPS may not be "present continuously" or "may be present in one examination and not appear in another." SSR 03-02p also notes that "conflicting evidence in the medical record is not unusual in cases of [CRPS] due to the transitory nature of its objective findings and the complicated diagnostic process involved." Indeed, the Ruling describes such "transient" findings as "characteristic" of the disease itself.

---

[46] *Cooley v. Colvin*, No. 12 CV 1284, 2013 WL 12224205, at * 4 (N.D. New York Oct. 15, 2013), report and recommendation adopted 2013 WL 12224206 (N.D. New York Nov. 4, 2013); see also, *Bernstein v. Astrue,* No. 309 CV 17, 2010 WL 746491, at *8 (M.D. Fla. March 3, 2010)("As the medical authorities and SSR 03-02p state, [CRPS] is a disease for which objective findings can be minimal.').

It must also be noted that SSR 03-02p "repeatedly reminds reviewing officers to carefully consider 'the effects of pain and its treatment on an individual's capacity to do sustained work-related physical and mental activity in a work setting on a regular and continuing basis.'"[47] In that regard, and mindful, as noted, that diagnostic evidence of CRPS will be "minimal" and "transitory," as well as that the pain experienced will be "out of proportion" to the underlying injury, courts in this area have expressly cautioned ALJs evaluating a claimant's credibility as to pain from CRPS that they are "not free to reject the claimant's statements about the intensity and persistence of her pain solely based on the lack of medical evidence."[48]

To that end, SSR 03-02p emphasizes that in cases involving CRPS testimony from third-parties, regardless of whether they "may or may not be 'acceptable medical sources,' is often critical in deciding an individual's credibility" and in determining "an individual's ability to function on a day-to-day basis ...." Thus, SSR 0302p goes to some length in specifying the type of individuals to be sought for such evidence, and further notes that "when additional information is needed to assess the credibility of the individual's statements about symptoms [of CRPS] and their effects, the adjudicator must make every reasonable

---

[47] *Bernstein*, 2010 WL 746491, at * 8 (quoting SSR 03-02p).

[48] *Id*.; see also, *Cooley,* 2013 WL 12224205, at *8; *Hill v. Comm'r of Soc. Sec*., No. 6:10 CV 46 ORL, 2011 WL 679940, at * 11 (M.D. Fla. Feb. 16, 2011)(finding that "the ALJ's determination that the Claimant's subjective statements were not entirely credible is not supported by substantial evidence without a proper evaluation of Claimant's [CRPS] because [CRPS] is characterized by complaints of pain which are 'out of proportion to the severity of the injury,' and objective findings can be minimal.").

effort to obtain additional information that could shed light on the credibility of the individual's statements."

As is apparent from the foregoing, reviewing courts have insisted that where CRPS is present as a severe impairment the ALJ must evaluate the claim under the rubric of SSR 03-02p or have the matter remanded.[49]  In addition to the factors cited above, because CRPS is not itself a listed impairment, SSR 03-02p requires that CRPS claims need to be evaluated at Step Three as whether the individual impairment meets "any pertinent listing to determine whether medical equivalence may exist," including possible equivalence to a mental disorders listing.[50]

In this case, although the ALJ at Step Two found that CRPS was a severe impairment,[51] there is no indication at any subsequent step that SSR 03-02p was ever cited or used in any evaluation or finding.  At Step Three, for example, although the ALJ noted that CRPS does not itself have a listing, she then briefly mentioned only that she had looked for an equivalent listing in the physical categories of peripheral neuropathies[52] and

---

[49] *Scott v. Colvin,* No. CV 15 404 JWD EWD, 2017 WL 1243154, at ** 9-10 (M.D. Louisiana Feb. 2, 2017)(collecting cases); see also, *Darabed v. Astrue*, No. 1:10 CV 2626, 2011 WL 7456148, at *9 (N.D. Ohio Dec. 6, 2011), report and recommendation adopted, 2012 WL 715863 (N.D. Ohio March 5, 2012)("Based on the ALJ's failure to evaluate Darabed's CRPS claim in accordance with SSR 03-2p, it is recommended that this matter be remanded for further proceedings consistent with SSR 03-2p.").

[50] See also, *Cooley*, 2013 WL 12224205, at * 3 (citing SSR 03-02p).

[51] Tr. at 93.

[52] Listing 11.14.

somatoform disorders,[53] while considering no listings for mental disorders, despite an explicit direction to do so in SSR 03-02p.[54]

Of greater importance, there was no specific discussion of Mills's CRPS in light of SSR 03-02p during the analysis of her credibility.  In fact, the primary reasons given for discounting her credibility were "medical evidence of record" and "claimant's activities of daily living."[55]  As noted above, GRPS is known to be very difficult to verify by objective tests due to its transitory nature. Thus, relying primarily on medical evidence to discount credibility in this case is not consistent with SSR 03-02p nor with the case authority cited above.

Further, despite a clear statement in SSR 03-02p that it is "critical" to seek a wide range of opinion evidence as to a CRPS claimant's true ability to function on a day-to-day basis on a sustained basis, the ALJ here did not reference any such additional evidence (or note the critical nature of such evidence to a proper finding of functional capacity), but merely sought to contrast Mills's claims of periodic episodes of "out of proportion" pain with her raising of five children.[56]  In that regard, it is well-settled that daily activities - even when performed over a substantial length of time - do not necessarily equate with the requirements

---

[53] Listing 12.07.

[54] Tr. at 96.

[55] *Id*. at 101.

[56] *Id*.

of day-to-day work-related functions that must be performed on a sustained basis during a

workweek.[57]

## Conclusion

In sum, and for the reasons stated above,  I recommend finding that the ALJ here

failed to analyze Mills's CRPS properly in accordance with SSR 03-2p, and that therefore

substantial evidence does not support the decision of the Commissioner that Mills is not

disabled.  I then further recommend remanding the matter for further proceedings consistent

with this report and recommendation.


Dated: July 27, 2017                                    s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the
specified time waives the right to appeal the District Court's order.[58]

---

[57] See, e.g., *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377-78 (6th Cir. 2013).

[58] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).